George Haines, Esq.
Nevada Bar No. 9411
Gerardo Avalos, Esq.
Nevada Bar No. 15171
**FREEDOM LAW FIRM, LLC**
8985 South Eastern Ave., Suite 350
Las Vegas, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: info@freedomlegalteam.com
*Attorneys for Plaintiff Yavonnte Kish*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Yavonnte Kish,<br><br>    Plaintiff,<br><br> v.<br><br>Gurstel Law Firm, P.C. and Jefferson Capital Systems, LLC,<br><br>    Defendants | Case No.: 2:22-cv-01932<br><br>**Complaint for Damages and Injunctive Relief**<br><br>**Jury Trial Demanded** |

### Introduction

1.  In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"), Congress found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and determined that abusive debt collection practices contribute to bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. The FDCPA is intended to eliminate abusive debt collection practices by debt collectors. The Act ensures that law-abiding debt collectors are not competitively disadvantaged, and protects consumers against debt collection uniformly among the States.

2.  Yavonnte Kish ("Plaintiff"), by and through counsel, brings this action for damages resulting from the unlawful actions of Gurstel Law Firm, P.C. and

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

1

FREEDOM LAW FIRM, LLC

8985 S. Eastern Ave. Ste. 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

Jefferson Capital Systems, LLC ("Defendants") with regard to unlawful conduct in connection with the collection of a debt, causing harm to Plaintiff.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.  Unless otherwise stated, all the conduct engaged in by Defendants took place in Nevada.

6.  Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

## Jurisdiction and venue

7.  Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 (federal question jurisdiction).

8.  This action arises out of Defendants' violations of the FDCPA.

9.  Defendants are subject to personal jurisdiction in Nevada, as they are registered with the Nevada Secretary of State and conduct business in Nevada, and attempted to collect debt from Plaintiff in Nevada.

10. Venue is proper pursuant to 28 U.S.C. §1391 because all the conduct giving rise to this complaint occurred in Nevada.

## Parties

11. Plaintiff is a natural person who resides in Clark County, Nevada.

12. Defendants are corporations doing business in the State of Nevada.

13. Plaintiff is alleged to owe a debt, and is a consumer as that term is defined by 15 U.S.C. §1692a(3).

14. Defendants use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts; or who

regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and is are debt collectors as defined by 15 U.S.C. §1692a(6).

15. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendants.

## Factual allegations

16. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through discovery.

17. Plaintiff is alleged to have owed a debt to Synchrony Bank (the "debt").

18. The debt was incurred primarily for personal, family or household purposes and is therefore a debt as that term is defined by 15 U.S.C. §1692a(5).

19. The validity of the alleged debt is immaterial to this action, and Plaintiff currently takes no position as to its validity.

20. Sometime thereafter, Defendants were assigned the right to collect on the debt and sued Plaintiff in Justice Court, Las Vegas Township, Clark County, Nevada to collect on the debt. Case No. 22C014416.

21. On or about July 20, 2022, Plaintiff and Defendants entered into a stipulated judgment with regards to the debt; wherein the parties agreed to settle the debt for $3,210.24, "inclusive of all costs, fees and interest;" to be paid pursuant to a payment schedule attached as an exhibit to the stipulated judgment.

22. The settlement terms, which were drafted by Defendants, contained payment instructions that read in part "Said payments shall be made on our secure payment portal on our website www.gurstel.com..."

23. Plaintiff made her first payment on July 19, 2022 through Defendants' online payment portal pursuant to the settlement terms.

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

24. Despite the fact that Plaintiff made her timely payment in July in accordance with the stipulated payment schedule, when Plaintiff logged back in to the online portal to make her August payment, the balance owed did not reflect a decrease consistent with her July payment, but had actually increased by more than double the amount of her payment.

25. Plaintiff's account page on Defendants' payment portal also stated that "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

26. When Plaintiff called to confirm the balance owed on the debt, she was told that the increase in the balance on the debt is due to court costs, attorney's fees, and interest.

27. As such, Defendants are attempting to collect an amount that they are not entitled to.

28. Under the FDCPA, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The Act prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

### Plaintiff's damages

29. Plaintiff has suffered emotional distress and mental anguish as a result of Defendants' actions described herein. In addition, Plaintiff was forced to spend time disputing Defendants' collection efforts and incurred out-of-pocket costs on repeated attempts to dispute Defendants' actions. Plaintiff further suffered humiliation and embarrassment when Defendants refused to comply with the FDCPA and when Plaintiff needed to seek the help of others, including friends, family, and an attorney, because Plaintiff felt helpless against Defendants.

///

///

FREEDOM LAW FIRM, LLC

8985 S. Eastern Ave. Ste. 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

30.  Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of the Complaint as though fully stated herein.

31.  Defendants' conduct violated § 1692e by using false, deceptive, and misleading representations and means in connection with the collection of any debt.

32.  Defendants' conduct violated § 1692e(5) by threatening to take action against Plaintiff which could not be legally taken in connection with the debt.

33.  Defendants' conduct violated § 1692e(10) in that Defendants employed various false representations and deceptive means in an attempt to collect the debt from Plaintiff.

34.  Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt against Plaintiff.

35.  Defendants' conduct violated 15 U.S.C. § 1692f(l) in that Defendants attempted to collect an amount not expressly authorized by the agreement creating the debt or permitted by law.

36.  The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA.

37.  As a result of each and every violation of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

### Prayer for relief

38.  Wherefore, Plaintiff prays that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

FREEDOM LAW FIRM, LLC
8985 S. Eastern Ave. Ste. 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- Interest on all amounts awarded; and
- Any other relief that this Court deems just and proper.

**Jury Demand**

39. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 15, 2022.

Respectfully submitted,

**FREEDOM LAW FIRM**

/s/ Gerardo Avalos
George Haines, Esq.
Gerardo Avalos, Esq.
8985 S. Eastern Ave., Suite 350
Las Vegas, Nevada 89123
*Counsel for Plaintiff Yavonnte Kish*

**FREEDOM LAW FIRM, LLC**
8985 S. Eastern Ave. Ste. 350
Las Vegas, Nevada 89123
OFFICE: (702) 880-5554 FAX: (702) 385-5518